# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | MATTHEW F. KENNELLY | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10390 | **DATE** | January 22, 2013 |
| **CASE TITLE** | Kevin G. Redding (#2011-0416106) vs. Correctional Officer DeLeon, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $4.57 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The complaint is dismissed without prejudice. Plaintiff is granted until 2/25/2013 to submit an amended complaint (plus a judge's copy and service copies) limited to a single, core claim in accordance with this order. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions for filing along with a copy of this order. Failure to submit an amended complaint by the due date may result in summary dismissal of this case.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that the Defendants, correctional officials and health care providers at the jail, have violated his constitutional rights by acting with deliberate indifference to his health and safety. More specifically, Plaintiff alleges that he has received inadequate medical care for various health conditions, including an injured back, chest pains, and high blood pressure. He also contends that officials have failed to take sufficient measures to prevent other inmates from setting fires, which cause "toxic smoke" to burn freely in Plaintiff's environment.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $4.57. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly **(CONTINUED)**

| | mjm |
|---|---|

identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

However, Plaintiff must submit an amended complaint, as the document on file contains improperly joined claims against unrelated Defendants. As discussed in *George v. Smith*, 507 F.3d 605 (7th Cir. 2007),

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different Defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-Defendant suit produced but also to ensure that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George*, 507 F.3d at 607. In accordance with *George*, Plaintiff cannot pursue both his medical care and safety-related claims in this particular lawsuit. Rather, he must choose to pursue *either* his medical care claims *or* his safety claim under this particular case number, and he may name as Defendants only those individuals who are personally and directly involved in the events surrounding the particular claim that he pursues as part of this particular case. If Plaintiff wants to pursue the other, separate claim, he must file a separate lawsuit asserting that claim and naming the Defendants involved in that claim.

For the foregoing reasons, Plaintiff is granted until February 25, 2013 to submit an amended complaint limited to a single, basic claim on the Court's required form. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each Defendant named in the amended complaint.**

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations Plaintiff wishes the Court to consider must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If Plaintiff fails to comply with this order by the due date the Court has set, the Court may be summarily dismiss the case in its entirety.