# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10390 | **DATE** | July 3, 2013 |
| **CASE TITLE** | Kevin Godfrey Redding (#K-53978) vs. C/O Deleon, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff may proceed on his amended complaint. However, on the Court's own motion, Thomas Dart, Todd Stroger, Superintendent Moreci, and Superintendent Thomas are summarily dismissed as Defendants on preliminary review pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk is directed to: (1) file the amended complaint [#9]; (2) issue summonses for service on the remaining Defendants by the U.S. Marshal; and (3) send Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order.

■ **[For further details see text below.]**  **Docketing to mail notices.**

## STATEMENT

Plaintiff Kevin Redding, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, correctional officials and health care providers at the Cook County Jail, violated his constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, Plaintiff alleges that he received inadequate medical care or that access to health care providers was denied for various health conditions, including an injured back, chest pains, and high blood pressure. Plaintiff has submitted an amended complaint limited to a single, core claim as directed. *See* Order 1/22/2013.

The Court has reviewed the amended complaint as provided by 28 U.S.C. § 1915A. Accepting Plaintiff's factual allegations as true for present purposes, the Court finds that the complaint states a colorable claim. The Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee, *see, e.g., Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001), and Plaintiff has adequately alleged exactly that. Defendants Deleon, Gullerial, Murry, Humphrey, Wolfe, Ledvora, and Raleaz must respond to the allegations in the complaint.

However, the amended complaint fails to state a claim against Defendants Dart, Stroger, Moreci, and Thomas. Plaintiff has alleged nothing that plausibly suggests those persons' personal involvement in the alleged wrongdoing. *See, e.g., J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003). Nor has Plaintiff indicated that the alleged violation of his constitutional rights occurred at these defendants' direction or with their knowledge and consent. *Id.*; *see also, Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005).

The Clerk shall issue summonses for service of the complaint on Defendants Deleon, Gullerial, Murry, Humphrey, Wolfe, Ledvora, and Raleaz. The U.S. Marshal is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former jail employee who can no longer be found at the work address provided by Plaintiff, the Cook County Department of Corrections and/or Cermak Health Services shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute

| STATEMENT |
|---|
| arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.<br><br>  Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. **Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed.** In addition, Plaintiff must send an exact copy of any court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff. |